Bnt

# ORIGINAL          LODGED

CHING, YUEN & MORIKAWA

SEP 15 2010
10:45 Amt
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

RANDALL I. MORIKAWA #2058-0
1001 Bishop Street
Suite 2700, ASB Tower
Honolulu, Hawaii 96813
Telephone: 524-8880

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 21 2010

at 7 o'clock and 30 min. A.M.
SUE BEITIA, CLERK

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use of HAWAII SHEET METAL WORKERS' TRUST FUNDS (Pension Annuity, Health & Welfare, Vacation & Holiday, Training and Industry Improvement Funds, by their Trustees, Elbert T. Saito, Earle S. Matsuda, Garner Shimizu, Yoshiko Kawakami, Arthur Tolentino, Michael Afuso, Jeanine Lum and Paul Fujinaga), <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN INDUSTRIAL INSULATION LLC, <br><br> Defendant. | CIVIL NO. CV10 00274 JMS BMK <br><br> FINDINGS OF FACT AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT AMERICAN INDUSTRIAL INSULATION LLC; AND CERTIFICATE OF SERVICE <br><br><br> Hearing Date: 9/3/10 <br> Hearing Time: 2:00 p.m. <br> MAGISTRATE BARRY M. KURREN |

FINDINGS OF FACT AND RECOMMENDATION TO GRANT MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT AMERICAN INDUSTRIAL INSULATION LLC

Plaintiffs' Motion for Default Judgment against Defendant

American Industrial Insulation LLC (the "Motion") having come on for

hearing before the HONORABLE BARRY M. KURREN, Magistrate, on September

3, 2010, at 2:00 p.m.; and Plaintiffs having been represented by RANDALL I. MORIKAWA, ESQ., and no other parties having appeared; the Court, having considered the argument of counsel, both written and oral, and being fully apprised in the premises, and for good cause appearing, makes the following findings of fact and recommendations:

<u>DISCUSSION</u>

The following Findings are based on the evidence before the Court:

<u>FINDINGS OF FACT</u>

1.    Plaintiffs are the HAWAII SHEET METAL WORKERS' TRUST FUNDS (Pension, Annuity, Health & Welfare, Vacation & Holiday, Training and Industry Improvement Funds, by their Trustees, Elbert T. Saito, Earle S. Matsuda, Garner Shimizu, Yoshiko Kawakami, Arthur Tolentino, Michael Afuso, Jeanine Lum and Paul Fujinaga).

2.    Plaintiffs were, and now are, employee benefit plans jointly and equally administered by representatives of management and labor and exist under the laws of the United States as multiemployer benefit plans within the meaning of Sections 3 and 4 of ERISA (29 U.S.C. §1002 and §1003) and as express trusts created by written trust agreements subject to, and pursuant to, Section 302 of the Labor-Management Relations Act (29 U.S.C. §186).

3.    Plaintiffs have their principal office in the City and County of Honolulu, State of Hawaii.

4.    The UNITED STATES OF AMERICA is named as a Plaintiff herein pursuant to 40 U.S.C. §270b.

5.    Defendant AMERICAN INDUSTRIAL INSULATION LLC, at all times relevant herein was, and is now, a limited liability company duly

organized and existing under, and by virtue of, the laws of the State of Hawaii and transacted business in the City and County of Honolulu, State of Hawaii.

6.   Default was entered herein against Defendant July 14, 2010.

7.   This action arises under §301(a) of the Labor-Management Relations Act, as amended, 29 U.S.C. §185(a), et seq.; the Miller Act, as amended, 40 U.S.C. §270b, et seq.; the Employee Retirement Income Security Act, as amended, 29 U.S.C. §1000, et seq.; and as hereinafter more fully appears.

8.   On or about October 1, 2008, Defendant made, executed and delivered to the SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL 293, AFL-CIO, hereinafter referred to as the "Union", that certain Memorandum of Agreement (the "Agreement"), whereby Defendant promised to contribute and pay to Plaintiffs certain sums of money as set forth in that certain Labor and Management Agreement between the Union and the Sheet Metal Contractors Association, the terms of which were incorporated into the Agreement, for each hour of work performed by Defendant's employees covered by the Agreement, including amounts to be contributed to Plaintiffs.

9.   Pursuant to Article XXV, Section 1 of the Addenda to the Agreement, Defendant further agreed that in the event any monthly contributions were not paid or postmarked by the 20th of the month immediately following, Defendant would pay to the TRUST FUNDS liquidated damages equal to 10% of such delinquent contribution for the first month and 1½ % for each and every month that such delinquent contribution is not paid.

10.  At all times relevant herein, it was, and now is extremely difficult and impractical to fix the actual expense and damage to Plaintiffs as a result of Defendant's non-payment of the required contributions.  The amounts herein alleged as and for liquidated damages represented, and now represent, a reasonable endeavor to ascertain and compensate Plaintiffs for the loss of return on investment, the additional expenses incurred in collection of the overdue amounts and the delay and/or liability to pay benefits to Plaintiffs' beneficiaries.  These damages cannot be allowed to deplete the contributions promptly paid by other employers and jeopardize the efficient and fair administration of Plaintiffs' trust funds and the maintenance of plan benefits.

11.  ERISA (specifically 29 U.S.C. §§1132(g)(2)) provides that in any action brought by trust funds in which a judgment in favor of the trust funds is awarded, the Court shall award:

(A)  the unpaid contributions,

(B)  interest on the unpaid contributions,

(C)  an amount equal to the greater of –

(i)  interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or State law) of the amount determined by the court under subparagraph (A),

(D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)  such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986 [26 U.S.C. §6621].

12.   Defendant has failed and refused, and continues to fail and refuse, to pay to Plaintiffs the amounts required by the Agreement, and there is now due, owing and unpaid to Plaintiffs the following amounts:

| | |
|---|---|
| Principal | $61,098.63 |
| Liquidated damages (through 7/31/10) | 15,583.54 |
| TOTAL | $76,692.17 |

13.   Liquidated damages on the amounts owing to Plaintiffs continue to accrue at the rate of $916.49 per month from and after August 1, 2010.

14.   Defendant may also owe to Plaintiffs additional contributions for Defendant's covered employees, the amount of which is unknown at this time, because an audit has not been performed on Defendant's payroll and financial records.   If such moneys are determined to be due and owing as a result of such audit, said amounts and other amounts as provided for in the Agreement will also be due and owing.   By the Agreement, Defendant agreed to reimburse Plaintiffs for the costs of such audit.

15.   By the Agreement, Defendant agreed that in the event legal action was necessary to collect on the delinquent amounts, Defendant would reimburse Plaintiffs for all reasonable attorneys' fees, court costs and all other reasonable expenses incurred.

16.  There is no just reason for delay in entering a final judgment as to Plaintiffs' claims herein against Defendant.

Based on the foregoing, the Court finds that Plaintiffs are entitled to default judgment against Defendant.

RECOMMENDATIONS

Accordingly, this Court recommends that:

1.   Judgment be entered against Defendant in favor of Plaintiffs in the following amounts, plus liquidated damages for the months of August and September, 2010 in the total amount of $1,832.98 ($916.49 per month):

| | |
|---|---|
| Principal | $61,098.63 |
| Liquidated damages (through 7/31/10) | 15,583.54 |
| TOTAL | $76,692.17 |

2.   Plaintiffs be awarded attorneys' fees in the amount of $4,664.92 and costs in the amount of $488.62.

3.   The judgment entered by the Court be entered as a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure, as there is no just reason for delay.

DATED:  Honolulu, Hawaii, _____9. 20 2010_____.

_____
U.S. MAGISTRATE JUDGE

Civil No. CV10 00274 JMS BMK
Findings of Fact and Recommendation
to Grant Plaintiffs' Motion for
Default Judgment against Defendant
American Industrial Insulation LLC